1  Seyfarth Shaw LLP
2  Michael J. Burns
   mburns@seyfarth.com
3  560 Mission Street, 31st Floor
   San Francisco, California 94105
4  Telephone:   (415) 397-2823
   Facsimile:   (415) 397-8549

5  SEYFARTH SHAW LLP
6  Michael H. Lee
   mhlee@seyfarth.com
7  601 South Figueroa Street, Suite 3300
   Los Angeles, California 90017-5793
8  Telephone:   (213) 270-9600
   Facsimile:   (213) 270-9601

9  Attorneys for Defendants
10 XPO FREIGHT LOGISTICS, INC., XPO
   LOGISTICS, INC. and WENDY MAIRENA

11

12                    UNITED STATES DISTRICT COURT

13                   CENTRAL DISTRICT OF CALIFORNIA

14

15

| DAVID RAMIREZ, | Case No. |
|---|---|
| Plaintiff, | **DEFENDANT XPO FREIGHT LOGISTICS, INC.'S NOTICE OF REMOVAL** |
| v. | |
| XPO FREIGHT LOGISTICS, INC.; XPO LOGISTICS, INC.; WENDY MAIRENA and DOES 1-100, inclusive, | Complaint Filed:      April 3, 2020 |
| Defendants. | [Filed Concurrently with Declaration of Wendy Mairena; Declaration of Hyun B. Lee; Certification as to Interested Parties; and Civil Cover Sheet] |
| | Removed from the Superior Court of California County of Los Angeles Case No. 20STCV13253 |

26      **TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL**

27  **DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF**

28  **RECORD:**

DEFENDANT XPO FREIGHT LOGISTICS, INC.'S NOTICE OF REMOVAL

64421332v.1

1   **PLEASE TAKE NOTICE** that XPO Freight Logistics, Inc. ("XPO Freight

2   Logistics") hereby file this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and

3   1441(a) and (b), based on diversity of citizenship jurisdiction, in order to effectuate the

4   removal of the above-captioned action from the Superior Court of the State of California,

5   County of Los Angeles, to the United States District Court for the Central District of

6   California.  All remaining defendants have consented to removal. XPO Freight Logistics

7   states that removal is proper for the following reasons:

8   **I.       PROCEEDINGS IN STATE COURT**

9          1.     On April 3, 2020, an unverified Complaint ("Complaint") was filed on

10  behalf of David Ramirez ("Plaintiff") in the Superior Court of the State of California,

11  County of Los Angeles (Central Branch), entitled "DAVID REAMIREZ vs. XPO

12  FREIGHT LOGISTICS, INC., XPO LOGISTICS, INC.; WENDY MAIRENA and DOE

13  1-100, inclusive" designated Case No. 20STCV13253 ("Superior Court Action").   A true

14  and correct copies of the Complaint, First Amended Complaint, and all other documents

15  served on Defendants are attached hereto as Exhibit 1.

16         2.     The Complaint alleges claims for: (1) Wrongful Termination in Violation of

17  Public Policy; (2) Age Discrimination in Violation of Govt. Code §12940(a); (3)

18  Retaliation in Violation of Govt. Code §§12940 et seq.; (4) Failure to Provide and or

19  Allow Inspection of Personnel File and Payroll Records in Violation of Lab. Code §§

20  226, 432 and 1198.5; and (5) Defamation.  Plaintiff filed a First Amended Complaint on

21  May 11, 2020.  (See generally, Exhibit 1 "Complaint")

22         3.     The Complaint was served on XPO Freight Logistics on May 15, 2020.

23  Declaration of Wendy Mairena in Support of XPO Freight Logistics Inc.'s Notice of

24  Removal ("Mairena Decl.") ¶ 5; Declaration of Hyun B. Lee in Support of XPO Freight

25  Logistics Inc.'s Notice of Removal ("Lee Decl.") ¶ 3.

26         4.     Defendant XPO Logistics Inc. and Wendy Mairena have not been served,

27  but consent to this removal.  (Mairena Decl. ¶ 7; Lee Decl. ¶ 4).

28

5. On June 12, 2020, Defendant filed an Answer to Plaintiff's unverified First Amended Complaint. A true and correct copy of Defendant's Answer to the Complaint is attached hereto as Exhibit 2.

6. A Case Management Conference is currently scheduled for October 14, 2020. Declaration of Hyun B. Lee in Support of Defendant's Notice of Removal ("Lee Decl.") ¶ 6.

7. No other filed pleadings or orders have been served on Defendants as of the date hereof. Thus, Defendant is informed and believes that the documents attached to this notice as Exhibits 1 and 2 constitute the entirety of the state court file in this action.

## TIMELINESS OF REMOVAL

8. This Notice of Removal is timely since it is filed within thirty (30) days of service of the Summons and Complaint. 28 U.S.C. § 1446(b)(1); Fed. R. Civ. P. 6(a)(1)(C) (if the last day to remove "is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"); *Melamed v. JPMorgan Chase Bank, N.A.*, 2015 WL 5923533, at *3 (C.D. Cal. October 8, 2015) (applying Fed. R. Civ. P. 6(a)(1)(C) to the deadline to remove). Defendant was served on May 15, 2020. (Mairena Decl.¶ 5; Lee Decl. ¶ 3.) Accordingly, thirty (30) days since (1) service of the Summons and Complaint, or (2) dismissal of the non-diverse defendant, has not yet expired, and thus, this Notice is timely pursuant to 28 U.S.C. §§ 1446(b)(3). *See also* Fed. R. Civ. P. 6.

## DIVERSITY JURISDICTION

9. This Court has original jurisdiction of this action under 28 U.S.C. section 1332(a)(1). As set forth below, this action is removable pursuant to 28 U.S.C. section 1441(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states.

/ / /

/ / /

/ / /

3

DEFENDANT XPO FREIGHT LOGISTICS, INC.'S NOTICE OF REMOVAL

64421332v.1

# CITIZENSHIP OF PARTIES

## A. Plaintiff's Citizenship

10.    For diversity purposes, a person is a "citizen" of the state in which she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *Gonzalez v. Starwood Hotels*, 2016 WL 1611576, at *2 (C.D. Cal. April 21, 2016).  A party's residence is *prima facie* evidence of her domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *see also Golub v. Wells Fargo Bank, N.A.*, 2014 WL 997336, at *1 (C.D. Cal. March 13, 2014) (plaintiff's uncontroverted claim of residence in complaint sufficient to establish citizenship for purposes of diversity).

11.    Plaintiff is a resident of La Habra, California and was employed in Defendants' location in Santa Fe Springs, California.  *See* (Exh. 1 "Complaint" ¶ 1; Mairena Decl. ¶ 4).

12.    Indeed, as part of his application for employment, Plaintiff listed a California address in La Habra, California and maintained a California address on file for purposes of his personnel file, payroll checks, state payroll, and tax withholdings during his employment.  Plaintiff has not informed Defendant of any address change.  (Mairena Decl. ¶ 4)  Defendant is informed and believes, and on that basis alleges, that Plaintiff's last known address is in California.  .

13.    Therefore, Plaintiff was domiciled and worked in California, and accordingly, Defendant alleges and believes that Plaintiff is, or was at the time of the filing of this civil action, a citizen of California.

## B. Defendants XPO Freight Logistics, Inc., XPO Logistics, Inc., and Wendy Mairena's Citizenship

14.    For diversity purposes, a "corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'"  *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. 1332(c)(1)); *Castanon v. Int'l Paper Co.*, 2016 WL 589853, at *2 (C.D. Cal. February 11, 2016).  Under the "nerve center" test, the principal place of business is

DEFENDANT XPO FREIGHT LOGISTICS, INC.'S NOTICE OF REMOVAL

64421332v.1

the state where the "officers direct, control, and coordinate" the corporation's activities and where the corporation maintains its headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010); *Castanon*, 2016 WL 589853, at *2.

15.     Defendants XPO Freight Logistics, Inc. and XPO Logistics, Inc. ("XPO Defendants") are incorporated under the laws of the State of Delaware and also has a principal place of business in Greenwich, Connecticut.  (Mairena Decl. ¶¶ 3-4). Greenwich, Connecticut is where XPO Defendants' high-level officers direct, control, and coordinate XPO Defendants' activities.  XPO Defendants' high-level corporate officers maintain offices in Connecticut, and many of XPO Defendants' corporate level functions are performed in the Connecticut office.  Additionally, many of XPO Defendants' executive and administrative functions, including corporate finance and accounting, are directed from the Greenwich, Connecticut headquarters. *Id.* Accordingly, XPO Defendants were at the time this action was commenced and remains a citizen of the States of Delaware and Connecticut within the meaning of 28 U.S.C. Section 1332(c)(1).

16.     Individual Defendant Wendy Mairena is a resident of Long Beach, California and has worked for XPO Defendants for over three and half years in their Santa Fe Springs, California location. (Mairena Decl. ¶ 2).  In her capacity as a Human Resources Director, Ms. Mairena does not generally communicate with vendors or customers about XPO employees, and did not discuss Plaintiff's employment. (Mairena Decl. ¶ 9).

**C. The Court Must Disregard the Individual Defendant Wendy Mairena's Citizenship Under the Sham Defendant Doctrine**

17.     A defendant's citizenship may be disregarded for diversity purposes if that party's joinder is a "sham" or "fraudulent" in the sense that no cause of action has been properly stated against that party. (*McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339-40 (9th Cir. 1987) (plaintiffs cannot derail a defendant's absolute right to remove by the trick of naming a non-diverse defendant where no claim can properly be

DEFENDANT XPO FREIGHT LOGISTICS, INC.'S NOTICE OF REMOVAL
64421332v.1

maintained against that non-diverse defendant); *Zogbi v. Federated Dep't Store,* 767 F. Supp. 1037, 1041 (C.D. Cal. 1991) (non-diverse defendant may be disregarded if that person's joinder is fraudulent in that no claim can be established against that party).)  The term "fraudulent" is a term of art and not intended to impugn the integrity of plaintiff or counsel.  (*McCabe, supra*, 811 F.2d at 1339.)

18.     Joinder of a defendant is fraudulent if the defendant cannot be liable to the plaintiff on any theory alleged in the complaint.  (*Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) ("If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent.").)

19.     When determining whether a defendant is fraudulently joined, "[t]he court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available."  (*Lewis v. Time Inc.*, 83 F.R.D. 455, 455 (E.D. Cal. 1979) ("[I]t is well settled that upon allegations of fraudulent joinder . . . federal courts may look beyond the pleadings to determine if the joinder . . . is a sham or fraudulent device to prevent removal."), *aff'd*, 710 F.2d 549 (9th Cir. 1983); *McCabe*, *supra*, 811 F.2d at 1339 (a defendant "is entitled to present the facts showing the joinder to be fraudulent").)

### i.  The Complaint Does Not and Cannot Allege a Viable Defamation Claim Against the Individual Defendant, Wendy Mairena

20.     Plaintiff's Complaint alleges a single claim of defamation against individual defendant, Wendy Mairena ("Mairena").  However, no alleged defamatory statements are attributed to Mairena, and only a single general conclusory statement regarding Plaintiff's job performance, without specifying as to what the statement was and when it was made, is attributed to Mairena: "Defendant XPO… and Defendant Mairana [sic] … would tell vendors, customers, and colleagues that Mr. Ramirez was incompetent, inefficient and not able to perform his job duties and in his profession, unable to do his job, was causing

6

DEFENDANT XPO FREIGHT LOGISTICS, INC.'S NOTICE OF REMOVAL

64421332v.1

1  losses to XPO and that he was insubordinate to his supervisors.".  (Ex. 1, Complaint ¶

2  39).  Plaintiff offers no other allegations or claims against Mairena.

3      21.    Based on this alleged statement, Plaintiff seeks to hold Mairena liable for

4  defamation.  (Ex. 1, Complaint ¶¶ 38-44.) These allegations do not state a viable

5  defamation claim against Mairena.  The alleged defamatory statement is not attributed to

6  any specific statement made by Mairena nor to any timeframe.

7      22.    Mairena's alleged statement about Plaintiff's job performance is, as a matter

8  of law, a non-actionable statement of opinion.  (*Muse v. City of Del Ray Oaks*, 2018 WL

9  1965092, at *3 (N.D. Cal. 2018) ("[A]s a matter of common sense, calling someone lazy

10 is an opinion, and is not actionable."); *Gregory v. McDonnell Douglas Corp*., 17 Cal. 2d

11 596, 600-01 (1976) (An essential element of a claim for defamation is that "the

12 publication in question must contain a false statement of *fact*."; "The critical

13 determination of whether the allegedly defamatory statement constitutes fact or opinion is

14 a question of law.").)

15     23.    Because the Complaint does not and cannot allege facts supporting a viable

16 defamation claim against Mairena, she is a sham defendant whose citizenship should be

17 disregarded in determining the existence of diversity jurisdiction.

18     24.    When the citizenship of the sham individual defendant is disregarded, there

19 is complete diversity of citizenship as between Plaintiff and Defendants.

20 **D. Doe Defendants' Citizenship**

21     25.    The presence of Doe defendants in this case has no bearing on diversity of

22 citizenship for removal. (28 U.S.C. § 1441(a) ("For purposes of removal under this

23 chapter, the citizenship of defendants sued under fictitious names shall be disregarded."))

24     26.    Pursuant to 28 U.S.C. Section 1441(a), the residence of fictitious and

25 unknown defendants should be disregarded for purposes of establishing removal

26 jurisdiction under 28 U.S.C. § 1332.  (*Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209,

27 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).

28

7

DEFENDANT XPO FREIGHT LOGISTICS, INC.'S NOTICE OF REMOVAL

64421332v.1

Thus, the existence of Doe defendants one through 50, inclusive, does not deprive this Court of jurisdiction.

## II.  THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

27.  While Defendant denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because, it is more likely than not, the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000 based on the allegations, claims, and prayer for relief set forth in Plaintiff's Complaint.

28.  An action may be removed if the defendant establishes, by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 699 (9th Cir. 2007). To establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, the defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds that amount. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996). The jurisdictional amount may be determined from the face of the complaint. *Singer v. State Farm Mutual Automobile Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). However, as explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

29.  In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n,* 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Assoc.'s v. Hartford Accident & Ind. Co.,* 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages).

DEFENDANT XPO FREIGHT LOGISTICS, INC.'S NOTICE OF REMOVAL

64421332v.1

### 1.   Alleged Lost Wages, Benefits, and Emotional Distress

30.     Plaintiff seeks to recover lost wages and benefits following his alleged wrongful termination, age discrimination, and retaliation. (Ex. 1, Complaint ¶¶ 12, 19, 30 and Prayer for Relief.) At XPO Logistics, Plaintiff earned $79,305.288 annually. (Mairena Decl. ¶ 6)  As such, if trial were set for a year from now, Plaintiff could potentially seek $198,263.22 (or $6,608.77 x 30 months from September 6, 2019 (Plaintiff's last date worked) through June 15, 2021 (the projected date of the trial) in back wages alone, not including damages for lost benefits.  This sum does not include any future wages Plaintiff seeks to recover which would only increase the amount in controversy. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (future wages are "at stake" in the litigation and must be considered in assessing the amount in controversy); *Fritsch v. Swift Transp.*, 899 F. 3d 785, 794 (9th Cir. 2018) ("a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.")

31.     In addition to lost wages, Plaintiff seeks to recover general damages including, but not limited to, "humiliation," "embarrassment," "mental and emotional distress," and "discomfort" in the amount of over $1,250,000.00 (Ex. 1, Complaint, ¶¶ 12, 19, 30 and Prayer for Relief ¶ A.)

32.     To establish the amount in controversy, a defendant may rely on jury verdicts in cases involving similar facts and claims. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002); *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). California jury verdicts in similar cases alleging retaliation and wrongful termination often exceed $75,000. *See Aguilar v. LA Metro BP Holding Co., LLC, et al.*, BC651278, 2018 WL 7286562 (Los Angeles Sup. Ct., Nov. 20, 2018) (jury awarded $265,000 in general damages for claims of discrimination, harassment, retaliation, failure to prevent harassment and discrimination, and wrongful termination); *Meadowcroft, et al. v. Silverton Partners, Inc., et al.*, No. BC633239, 2018 WL 7635472 (Los Angeles Sup. Ct. Sep. 11, 2018) (jury awarded two plaintiffs $2.5 million each in damages for claims

9

of harassment, retaliation, wrongful termination and failure to prevent harassment); *Kell v. AutoZone Inc.*, Case No. 07AS04375, 2010 WL 1347162 (Sacramento Sup. Ct. Jan. 21, 2010) (jury awarded $1,368,675 in damages for wrongful termination and retaliation claims). True and correct copies of verdict information in employment cases with discrimination, harassment, and retaliation claims are attached hereto as Exhibit 3.

33.  As alleged in the Complaint, Plaintiff claims he was discriminated against, retaliated against, and ultimately terminated, and that he experienced emotional distress as a result all amounting to "no less than $1,250,000.00" in damages. (Ex. 1, Complaint, ¶¶ 12, 19, 30 and Prayer for Relief ¶ A.). These allegations are factually similar to the issues presented in the above cases, which demonstrate that, for diversity purposes, the value of Plaintiff's emotional distress claims on their own exceed the $75,000 amount in controversy requirement.

### 2.  Punitive Damages

34.  Additionally, Plaintiff seeks to recover punitive damages against Defendant. (Ex. 1, Complaint, ¶¶ 13, 20, 31, 44, and Prayer for Relief ¶ D.) Verdicts show that punitive damages in similar employment cases typically exceed $75,000.00 alone. *See Aguilar, supra* (jury awarded $145,000.00 in punitive damages for claims of discrimination, harassment, retaliation, failure to prevent harassment and discrimination, and wrongful termination); *Meadowcroft, supra* (jury awarded plaintiff's $3 million each in punitive damages for claims of harassment, retaliation, wrongful termination and failure to prevent harassment); *Olivas-Dean v. American Meizhou Dongpo Group, Inc., et al.*, No BC581538, 2017 WL 3531353 (Los Angeles Sup. Ct., April 24, 2017) ($250,000.00 awarded in punitive damages for harassment, discrimination, retaliation, wrongful termination).

### 3.  Attorney's Fees

35.  Plaintiff also seeks to recover attorneys' fees and costs. (Ex. 1, Complaint, ¶¶ 21, Prayer for Relief ¶ C.) Requests for attorney's fees must be considered in ascertaining the amount in controversy. *See Galt*, *supra*, 142 F.3d at 1156 (claims for

10

DEFENDANT XPO FREIGHT LOGISTICS, INC.'S NOTICE OF REMOVAL

64421332v.1

statutory attorney's fees to be included in amount in controversy, regardless of whether award is discretionary or mandatory). Here, Plaintiff, if successful, would be entitled to an award of attorneys' fees that itself "more likely than not" would exceed $75,000.00. Verdicts show that attorneys' fees in employment cases typically exceed $75,000.00. *See Begazo v. Passages Silver Strand, LLC*, BC595150, 2017 WL 2402841 (Los Angeles Sup. Ct. Mar. 3, 2017) (court awarded $375,568 in attorneys' fees to Plaintiff after prevailing on claims for retaliation and wrongful termination); *Jaffe v. UHS-Corona Inc.*, No. RIC-543130, 2013 WL 8509821 (Riverside Sup. Ct. May 7, 2013) (court awarded $169,112 in attorney fees and costs in wrongful termination action after jury verdict for plaintiff); *Mootz v. State of California*, Dkt. No. 05AS04214, 2008 WL 2414817 (Sacramento Sup. Ct. March 27, 2008) (attorney fees awarded of $442,400, plus $502,523 in costs for plaintiff claiming retaliation for complaining about harassment). True and correct copies of awards for attorneys' fees in employment cases with similar claims to that of Plaintiff in this action are attached hereto as Exhibit 4.

While Defendant denies any liability as to Plaintiff's claims, for each of the foregoing reasons, it is "more likely than not" that the amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

## III.   VENUE

36.   Plaintiff filed this action in the Superior Court of California, County of Los Angeles.

37.   The County of Los Angeles lies within the jurisdiction of the United States District Court, Central District of California.

38.   Therefore, without waiving Defendants' right to challenge, among other things, personal jurisdiction and/or venue by way of a motion or otherwise, venue lies in the Central District of California pursuant to 28 U.S.C. §§ 84(c), 1441(a), and 1446(a). This Court is the United States District Court for the district within which the State Court Action is pending.  Thus, venue lies in this Court pursuant to 28 U.S.C. § 1441(a).

DEFENDANT XPO FREIGHT LOGISTICS, INC.'S NOTICE OF REMOVAL
64421332v.1

**IV.    SERVICE OF NOTICE OF REMOVAL ON STATE COURT**

39.    A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, as required under 28 U.S.C. § 1446(d).

WHEREFORE, Defendants pray that this civil action be removed from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

DATED: June 15, 2020                    Respectfully submitted,

                                        SEYFARTH SHAW LLP


                                        By: */s/ Michael H. Lee*
                                            Michael J. Burns
                                            Michael H. Lee
                                            Attorneys for Defendants
                                            XPO FREIGHT LOGISTICS, INC.,
                                            XPO LOGISTICS, INC. and WENDY
                                            MAIRENA

DEFENDANT XPO FREIGHT LOGISTICS, INC.'S NOTICE OF REMOVAL

64421332v.1