Electronically FILED by Superior Court of California, County of Los Angeles on 04/03/2020 04:31 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk

Case 2:20-cv-05333-SVW-KS   Document 1-1   Filed 06/15/20   Page 1 of 37   Page ID #:13

20STCV13253

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Richard Fruin

SERGIO A. GUTIERREZ (State Bar No. 184850)
LAW OFFICE OF SERGIO ALEXANDER GUTIERREZ
18032 Lemon Drive, C122
Yorba Linda, California 92886
Tel:    (714) 575-1111
Fax:    (714) 575-1121

Attorney for Plaintiff David Ramirez

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

| | |
|---|---|
| DAVID RAMIREZ,<br><br>                             Plaintiff,<br><br>vs.<br><br>XPO FREIGHT LOGISTICS, INC.;<br>XPO LOGISTICS, INC.;<br>WENDY MAIRENA and<br>DOE 1-100, inclusive,<br><br>                       Defendants. | CASE NO.:  20STCV13253<br><br>Unlimited Jurisdiction<br><br>**Complaint for Damages For:**<br><br>1.    **Wrongful Termination in Violation of Public Policy;**<br>2.    **Age Discrimination in Violation of Govt. Code §12940(a);**<br>3.    **Retaliation in Violation of Govt. Code §§ 12940 et seq.;**<br>4.    **Failure to Provide and or Allow Inspection of Personnel File and Payroll Records in Violation of Lab. Code §§ 226, 432 and 1198.5; and,**<br>5.    **Defamation.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, David Ramirez,  ("Ramirez" or "Plaintiff") states and alleges as follows:

1.      Plaintiff David Ramirez is an individual, and at all times mentioned herein was a employed by Defendant XPO Logistics Freight, Inc. and/or Defendant XPO Freight, Inc., which operate and employed Plaintiff in the County of Los Angeles, State of California.

2.      Plaintiff is informed, believes, and based thereon alleges that Defendant XPO Logistics Freight, Inc. ("XPO Logistics") engages in business in the County of Los Angeles with it's a place of business in Sante Fe Springs, California.

3.      Plaintiff is informed, believes, and based thereon alleges that Defendant XPO Freight, Inc. ("XPO Freight") engages in business in the County of Los Angeles with it's a place of business in Sante Fe Springs, California.  Defendants XPO Logistics Freight, Inc. and Defendant XPO Freight, Inc. will be referred to collectively as "XPO."

4.      Plaintiff is informed, believes, and based thereon alleges that Defendant Wendy Mairena ("Mairena") is an individual, and at all times mentioned herein was a employed by Defendant XPO and resided in the County of Los Angeles, State of California.

5.      The true names, identities, and or capacities of Defendants sued herein as DOE 1-100, inclusive, are currently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff is informed, believes, and based thereon alleges that DOE 1-100 are, in part, responsible for the damages sustained by Plaintiff as alleged herein.  When the true names, identities and or capacities of these Defendants are known, Plaintiff will seek leave of Court to amend this Complaint.

6.       Plaintiff is informed, believes, and based thereon alleges that each Defendant named herein acted as an employee, agent, partner, alter ego and or joint venturer of each of the other Defendants named herein, and in doing the acts and in carrying out the wrongful conduct alleged herein, each of said Defendants acted within the scope of said relationship and with permission, consent and ratification of each of the other Defendants named herein.

7.       Mr. Ramirez was employed by XPO and Doe 1- 90, inclusive, beginning in or about 1999 until September 3, 2019 when his employment was terminated.

8.       Throughout his employment with XPO and Doe 1- 90, inclusive, Mr. Ramirez performed all terms, conditions, duties and work required of him. Throughout most of his employment with XPO and Doe 1- 90, inclusive, Mr. Ramirez regularly received praise and recognition for his performance. His work performance was rated exceptional throughout most of his employment. He was never reprimanded or written up.

9.       Plaintiff is informed, believes, and based thereon alleges that Defendant XPO, Defendant Mairena and other supervisors employed by them, engaged in conduct and a scheme to end the employment of older employees by, among other things, making the working conditions so intolerable that employees would leave or take retirement.

**<u>First Cause of Action</u>**

**(Wrongful Termination in Violation of Public Policy.)**

**Against Defendant XPO and**

**and Doe 1 - 90, inclusive.**

Complaint for Damages

3 of 11

10.       Plaintiff hereby realleges, and incorporates by reference as though set forth fully herein the allegations contained in Paragraphs 1 through 11.  This cause of action is plead Defendant XPO and Doe 1- 90, inclusive.

11.       Plaintiff alleges that his termination was wrongful because it was in violation of the public policy of the State of California.  Plaintiff's termination was based on the following:
(I)  Plaintiff's age; and
(ii) in retaliation for complaining discriminatory comments and treatment.

12.       As a direct, foreseeable and proximate result of Defendant XPO and Doe 1- 90, inclusive, Plaintiff has lost and will continue to lose income and benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort all to Plaintiff's damage in an amount in excess of $1,250,000.00, the precise sum to be established according to proof.

13.       Because the acts taken toward Plaintiff were carried out by managerial employees, who were acting in deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage Plaintiff, Plaintiff request the assessment of punitive damages against Defendant XPO and Doe 1- 90, inclusive, in an amount appropriate to punish and make an example of  Defendant XPO and Doe 1- 90, inclusive.

14.       WHEREFORE, Plaintiff prays for relief as set forth below.

---

**Second Cause of Action**

**(Age Discrimination (Govt. Code §12940(a).)**

**Against Defendant XPO and Doe 1 - 90, inclusive.**

15.  Plaintiff hereby realleges, and incorporates by reference as though set forth fully herein the allegations contained in Paragraphs 1 through 14.  This cause of action is plead Defendant XPO and Doe 1- 90, inclusive.

16.  At all times relevant to this Complaint, California Government Code § 12900 et seq. and its implementing regulations was in full force and effect.

17.  Pursuant to Government Code § 12940(a) it is unlawful for an employer to discriminate against an employee because of that employee's age.

18.  Defendant XPO and Doe 1- 90, inclusive, violated Government Code § 12940(a), by, among other things, terminating Plaintiff's employment based on his age and for resisting and complaining about discriminatory comments and treatment.

19.  As a direct, foreseeable and proximate result of  Defendant XPO and Doe 1- 90, inclusive, wrongful termination of Plaintiff in violation of public policy of the State of California, Plaintiff has lost and will continue to lose income and benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort all to Plaintiff's damage in an amount in excess of $ 1,250,000.00, the precise sum to be established according to proof.

20.         Because the acts taken toward Plaintiff were carried out by managerial employees, who were acting in deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage Plaintiff, Plaintiff request the assessment of punitive damages against Defendant XPO and Doe 1- 90, inclusive, in an amount appropriate to punish and make an example of Defendant XPO and Doe 1- 90, inclusive.

21.         Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial.

22.         Within one year of the date of the discrimination committed by Defendant XPO and Doe 1 - 90, inclusive, Plaintiff filed charges of discrimination as against Defendants with the California Department of Fair Employment and Housing (hereafter DFEH).

23.         The DFEH issued to plaintiff, a notice of right to bring a civil action against Defendants.  A copy of this notice of Right-To-Sue is appended hereto, marked "Exhibit A" and is incorporated by this reference as though fully set forth.

24.         WHEREFORE, Plaintiff prays for relief as set forth below.

### Third Cause of Action

**(Retaliation (Gov. Code § 12940(h) and 12945.2 (l))**

**Against Defendant XPO and Doe 1- 90, inclusive.**

25.         Plaintiff hereby realleges, and incorporates by reference as though set forth fully herein the allegations contained in Paragraphs 1 through 24.  This cause of action is plead

---

Defendant XPO and Doe 1- 90, inclusive.

26.       This action is brought pursuant to section 12940, subparagraph (h), of the Government Code, which prohibits discrimination against any person who has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part.

27.       Within one year of the date of the discrimination committed by Defendant XPO and Doe 1- 90, inclusive, and each of them, Plaintiff filed charges of discrimination as against Defendants with the California Department of Fair Employment and Housing (hereafter DFEH).

28.       The DFEH issued to plaintiff, a notice of right to bring a civil action against Defendants.  A copy of this notice of Right-To-Sue is appended hereto, marked "Exhibit A," and is incorporated by this reference as though fully set forth.

29.       Defendant XPO and Doe 1- 90, inclusive, conduct as alleged in this complaint constitutes an unlawful employment practice in violation of Government Code §§ 12940 et seq..

30.       As a direct, foreseeable and proximate result of Defendant XPO and Doe 1- 90, inclusive, wrongful termination of Plaintiff in violation of public policy of the State of California, Plaintiff has lost and will continue to lose income and benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort all to Plaintiff's damage in an amount in excess of $1,250,000.00, the precise

1    sum to be established according to proof.

2

3    31.        Because the acts taken toward Plaintiff were carried out by managerial employees,

4    who were acting in deliberate, cold, callous, malicious, oppressive, and intentional manner

5    in order to injure and damage Plaintiff, Plaintiff request the assessment of punitive damages

6    against Defendant XPO and Doe 1-90, inclusive, in an amount appropriate to punish and

7    make an example of Defendant XPO and Doe 1- 90, inclusive.

8

9    32.        WHEREFORE, Plaintiff prays for relief as set forth below.

10

11                              **Fourth Cause of Action**

12   **(Failure to Provide and or Allow Inspection of Personnel File and Payroll Records in Violation**

13                     **of Lab. Code §§ 226, 432 and 1198.5.)**

14                     **Against Defendant XPO and Doe 1- 90, inclusive.**

15

16   33.        Plaintiff hereby realleges, and incorporates by reference as though set forth fully

17   herein the allegations contained in Paragraphs 1 through 32.  This cause of action is plead

18   against Defendant XPO and Doe 1- 90, inclusive.

19

20   34.        This action is brought pursuant to sections 226, 432 and 1198.5 of the Labor Code,

21   which provides the right to inspect their personnel file and to receive copies of documents

22   signed by the employee as well as payroll related documents.

23

24   35.        Plaintiff requested the opportunity to review his personnel file and or obtain copies of

25   the personnel file as well as copies of her pay roll records.

26

27                              Complaint for Damages

28                                   8 of 11

36.   .       Defendant XPO and Doe 1- 90, inclusive, have failed to timely and completely abide by Plaintiff's requests and as such are subject to penalties of at least $750.00.

37.          WHEREFORE, Plaintiff prays for relief as set forth below.

<u>**Fifth Cause of Action**</u>

**(Defamation)**

**Against Defendants XPO and Mairana**

**and Doe 1-100, inclusive.**

38.          Plaintiff hereby realleges, and incorporates by reference as though set forth fully herein the allegations contained in Paragraphs 1 through 32.  This cause of action is plead against Defendant XPO and Doe 1- 90, inclusive and Defendant Mairana and Doe 91 -100.

39.          During the course of plaintiff's employment and thereafter, Defendant XPO and Does 1 - 90, inclusive, and Defendant Mairana and Does 91 - 100, inclusive, would tell vendors, customers, and colleagues that Mr. Ramirez was incompetent, inefficient and not able to perform his job duties and in his profession, unable to do his job, was causing losses to XPO and that he was insubordinate to his supervisors.

40.          When Defendants made the aforementioned communications, Defendants deliberately and intentionally communicated false and damaging statements.

41.  In publishing these defamatory statements, Defendants knew that these allegations would seriously damage Plaintiff's reputation and his ability to earn a living. These statements were made, in part, because Defendants sought to justify the termination of Plaintiff so as to avoid paying Plaintiff his wages, including his earned wages, and because they sought to terminated Mr. Ramirez due to his advanced age and because he was approaching tenure where he would vest in benefits.

42.  These words were defamatory per se because they tend to injure plaintiff in their profession by imputing a general disqualification in those respects that the occupation peculiarly requires.

43.  As a proximate result of Defendants' conduct, plaintiff has suffered and continues to suffer substantial losses in earnings, and other employment and retirement benefits and have suffered and continue to suffer embarrassment, humiliation and mental anguish all to his damage in an amount according to proof.

44.  Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring plaintiff, from an improper and evil motive amounting to despicable conduct, and in conscious disregard of plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from defendants in an amount according to proof.

45.  WHEREFORE, Plaintiff prays for relief as set forth below.

WHEREFORE, Plaintiff David Ramirez prays that Judgment be entered in his favor and

against Defendant XPO , as follows, for:

A.  For such general, special, compensatory and liquidated damages as may be appropriate, including all damages alleged above in an amount of no less than $1,250,000.00;

B.  For pre-judgment interest.

C.  For costs of suit and attorneys' fees.

D.  For punitive damages as permitted under California law.

E.  For such other relief as the Court deems just and proper.

Dated: March 31, 2020                          LAW OFFICES OF SERGIO A. GUTIERREZ

                                               By:_____

                                               Sergio A. Gutierrez

                                               Attorneys for Plaintiff

                                               David Ramirez

---

Complaint for Damages

11 of 11

Electronically FILED by Superior Court of California, County of Los Angeles on 05/11/2020 06:46 PM Sherri R. Carter, Executive Officer/Clerk of Court, by V. Delgadillo,Deputy Clerk

1 | SERGIO A. GUTIERREZ (State Bar No. 184850)
LAW OFFICE OF SERGIO ALEXANDER GUTIERREZ
2 | 18032 Lemon Drive, C122
Yorba Linda, California 92886
3 | Tel:   (714) 575-1111
Fax:   (714) 575-1121
4 |

5 | Attorney for Plaintiff David Ramirez

6 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

7 | FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

8 |

9 | DAVID RAMIREZ,

10 | CASE NO.: 20STCV13253

11 | Plaintiff,   Unlimited Jurisdiction

12 | vs.   **First Amended Complaint for Damages For:**

13 | 1. **Wrongful Termination in Violation of Public Policy;**

14 | XPO FREIGHT LOGISTICS, INC.; XPO LOGISTICS, INC.; 2. **Age Discrimination in Violation of Govt. Code §12940(a);**

15 | WENDY MAIRENA and DOE 1-100, inclusive, 3. **Retaliation in Violation of Govt. Code §§ 12940 et seq.;**

16 | 4. **Failure to Provide and or Allow Inspection of Personnel File and Payroll Records in Violation of Lab. Code §§ 226, 432 and 1198.5; and,**

17 | Defendants.

18 | 5. **Defamation.**

19 | **DEMAND FOR JURY TRIAL**

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 | First Amended Complaint for Damages

28 | 1 of 11

Plaintiff, David Ramirez, ("Ramirez" or "Plaintiff") states and alleges as follows:

1.         Plaintiff David Ramirez is an individual, and at all times mentioned herein was a employed by Defendant XPO Logistics Freight, Inc. and/or Defendant XPO Freight, Inc., which operate and employed Plaintiff in the County of Los Angeles, State of California.

2.         Plaintiff is informed, believes, and based thereon alleges that Defendant XPO Logistics Freight, Inc. ("XPO Logistics") engages in business in the County of Los Angeles with it's a place of business in Sante Fe Springs, California.

3.         Plaintiff is informed, believes, and based thereon alleges that Defendant XPO Freight, Inc. ("XPO Freight") engages in business in the County of Los Angeles with it's a place of business in Sante Fe Springs, California.  Defendants XPO Logistics Freight, Inc. and Defendant XPO Freight, Inc. will be referred to collectively as "XPO."

4.         Plaintiff is informed, believes, and based thereon alleges that Defendant Wendy Mairena ("Mairena") is an individual, and at all times mentioned herein was a employed by Defendant XPO and resided in the County of Los Angeles, State of California.

5.         The true names, identities, and or capacities of Defendants sued herein as DOE 1-100, inclusive, are currently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff is informed, believes, and based thereon alleges that DOE 1-100 are, in part, responsible for the damages sustained by Plaintiff as alleged herein.  When the true names, identities and or capacities of these Defendants are known, Plaintiff will seek leave of Court to amend this Complaint.

6.　　　　Plaintiff is informed, believes, and based thereon alleges that each Defendant named herein acted as an employee, agent, partner, alter ego and or joint venturer of each of the other Defendants named herein, and in doing the acts and in carrying out the wrongful conduct alleged herein, each of said Defendants acted within the scope of said relationship and with permission, consent and ratification of each of the other Defendants named herein.

7.　　　　Mr. Ramirez was employed by XPO and Doe 1- 90, inclusive, beginning in or about 1999 until September 3, 2019 when his employment was terminated.

8.　　　　Throughout his employment with XPO and Doe 1- 90, inclusive, Mr. Ramirez performed all terms, conditions, duties and work required of him.  Throughout most of his employment with XPO and Doe 1- 90, inclusive, Mr. Ramirez regularly received praise and recognition for his performance.  His work performance was rated exceptional throughout most of his employment.  He was never reprimanded or written up.

9.　　　　Plaintiff is informed, believes, and based thereon alleges that Defendant XPO, Defendant Mairena and other supervisors employed by them, engaged in conduct and a scheme to end the employment of older employees by, among other things, making the working conditions so intolerable that employees would leave or take retirement.

**First Cause of Action**

**(Wrongful Termination in Violation of Public Policy.)**

**Against Defendant XPO and**

**and Doe 1 - 90, inclusive.**

---

10.       Plaintiff hereby realleges, and incorporates by reference as though set forth fully herein the allegations contained in Paragraphs 1 through 11.  This cause of action is plead Defendant XPO and Doe 1- 90, inclusive.

11.       Plaintiff alleges that his termination was wrongful because it was in violation of the public policy of the State of California.  Plaintiff's termination was based on the following:

(I)  Plaintiff's age; and

(ii) in retaliation for complaining discriminatory comments and treatment.

12.       As a direct, foreseeable and proximate result of Defendant XPO and Doe 1- 90, inclusive, Plaintiff has lost and will continue to lose income and benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort all to Plaintiff's damage in an amount in excess of $1,250,000.00, the precise sum to be established according to proof.

13.       Because the acts taken toward Plaintiff were carried out by managerial employees, who were acting in deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage Plaintiff, Plaintiff request the assessment of punitive damages against Defendant XPO and Doe 1- 90, inclusive, in an amount appropriate to punish and make an example of  Defendant XPO and Doe 1- 90, inclusive.

14.       WHEREFORE, Plaintiff prays for relief as set forth below.

---

First Amended Complaint for Damages

4 of 11

**Second Cause of Action**

**(Age Discrimination (Govt. Code §12940(a).)**

**Against Defendant XPO and Doe 1 - 90, inclusive.**

15.     Plaintiff hereby realleges, and incorporates by reference as though set forth fully herein the allegations contained in Paragraphs 1 through 14.  This cause of action is plead Defendant XPO and Doe 1- 90, inclusive.

16.     At all times relevant to this Complaint, California Government Code § 12900 et seq. and its implementing regulations was in full force and effect.

17.     Pursuant to Government Code § 12940(a) it is unlawful for an employer to discriminate against an employee because of that employee's age.

18.     Defendant XPO and Doe 1- 90, inclusive, violated Government Code § 12940(a), by, among other things, terminating Plaintiff's employment based on his age and for resisting and complaining about discriminatory comments and treatment.

19.     As a direct, foreseeable and proximate result of  Defendant XPO and Doe 1- 90, inclusive, wrongful termination of Plaintiff in violation of public policy of the State of California, Plaintiff has lost and will continue to lose income and benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort all to Plaintiff's damage in an amount in excess of $ 1,250,000.00, the precise sum to be established according to proof.

20.     Because the acts taken toward Plaintiff were carried out by managerial employees, who were acting in deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage Plaintiff, Plaintiff request the assessment of punitive damages against Defendant XPO and Doe 1- 90, inclusive, in an amount appropriate to punish and make an example of Defendant XPO and Doe 1- 90, inclusive.

21.     Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial.

22.     Within one year of the date of the discrimination committed by Defendant XPO and Doe 1 - 90, inclusive, Plaintiff filed charges of discrimination as against Defendants with the California Department of Fair Employment and Housing (hereafter DFEH).

23.     The DFEH issued to plaintiff, a notice of right to bring a civil action against Defendants.  A copy of this notice of Right-To-Sue is appended hereto, marked "Exhibit A" and is incorporated by this reference as though fully set forth.

24.     WHEREFORE, Plaintiff prays for relief as set forth below.

**Third Cause of Action**

**(Retaliation (Gov. Code § 12940(h) and 12945.2 (l))**

**Against Defendant XPO and Doe 1- 90, inclusive.**

25.     Plaintiff hereby realleges, and incorporates by reference as though set forth fully herein the allegations contained in Paragraphs 1 through 24.  This cause of action is plead

---

First Amended Complaint for Damages

6 of 11

Defendant XPO and Doe 1- 90, inclusive.

26.  This action is brought pursuant to section 12940, subparagraph (h), of the Government Code, which prohibits discrimination against any person who has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part.

27.  Within one year of the date of the discrimination committed by Defendant XPO and Doe 1- 90, inclusive, and each of them, Plaintiff filed charges of discrimination as against Defendants with the California Department of Fair Employment and Housing (hereafter DFEH).

28.  The DFEH issued to plaintiff, a notice of right to bring a civil action against Defendants.  A copy of this notice of Right-To-Sue is appended hereto, marked "Exhibit A," and is incorporated by this reference as though fully set forth.

29.  Defendant XPO and Doe 1- 90, inclusive, conduct as alleged in this complaint constitutes an unlawful employment practice in violation of Government Code §§ 12940 et seq..

30.  As a direct, foreseeable and proximate result of Defendant XPO and Doe 1- 90, inclusive, wrongful termination of Plaintiff in violation of public policy of the State of California, Plaintiff has lost and will continue to lose income and benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort all to Plaintiff's damage in an amount in excess of $1,250,000.00, the precise

First Amended Complaint for Damages

1    sum to be established according to proof.

2

3    31.        Because the acts taken toward Plaintiff were carried out by managerial employees,

4    who were acting in deliberate, cold, callous, malicious, oppressive, and intentional manner

5    in order to injure and damage Plaintiff, Plaintiff request the assessment of punitive damages

6    against Defendant XPO and Doe 1-90, inclusive, in an amount appropriate to punish and

7    make an example of Defendant XPO and Doe 1- 90, inclusive.

8

9    32.        WHEREFORE, Plaintiff prays for relief as set forth below.

10

11                          **Fourth Cause of Action**

12   **(Failure to Provide and or Allow Inspection of Personnel File and Payroll Records in Violation**

13                  **of Lab. Code §§ 226, 432 and 1198.5.)**

14                  **Against Defendant XPO and Doe 1- 90, inclusive.**

15

16   33.        Plaintiff hereby realleges, and incorporates by reference as though set forth fully

17   herein the allegations contained in Paragraphs 1 through 32.  This cause of action is plead

18   against Defendant XPO and Doe 1- 90, inclusive.

19

20   34.        This action is brought pursuant to sections 226, 432 and 1198.5 of the Labor Code,

21   which provides the right to inspect their personnel file and to receive copies of documents

22   signed by the employee as well as payroll related documents.

23

24   35.        Plaintiff requested the opportunity to review his personnel file and or obtain copies of

25   the personnel file as well as copies of her pay roll records.

26

27                          First Amended Complaint for Damages

28                                  8 of 11

36.   .        Defendant XPO and Doe 1- 90, inclusive, have failed to timely and completely abide by Plaintiff's requests and as such are subject to penalties of at least $750.00.

37.          WHEREFORE, Plaintiff prays for relief as set forth below.

**Fifth Cause of Action**

**(Defamation)**

**Against Defendants XPO and Mairana**

**and Doe 1-100, inclusive.**

38.          Plaintiff hereby realleges, and incorporates by reference as though set forth fully herein the allegations contained in Paragraphs 1 through 32.  This cause of action is plead against Defendant XPO and Doe 1- 90, inclusive and Defendant Mairana and Doe 91 -100.

39.          During the course of plaintiff's employment and thereafter, Defendant XPO and Does 1 - 90, inclusive, and Defendant Mairana and Does 91 - 100, inclusive, would tell vendors, customers, and colleagues that Mr. Ramirez was incompetent, inefficient and not able to perform his job duties and in his profession, unable to do his job, was causing losses to XPO and that he was insubordinate to his supervisors.

40.          When Defendants made the aforementioned communications, Defendants deliberately and intentionally communicated false and damaging statements.

---

First Amended Complaint for Damages

9 of 11

41.     In publishing these defamatory statements, Defendants knew that these allegations would seriously damage Plaintiff's reputation and his ability to earn a living.  These statements were made, in part, because Defendants sought to justify the termination of Plaintiff so as to avoid paying Plaintiff his wages, including his earned wages, and because they sought to terminated Mr. Ramirez due to his advanced age and because he was approaching tenure where he would vest in benefits.

42.     These words were defamatory per se because they tend to injure plaintiff in their profession by imputing a general disqualification in those respects that the occupation peculiarly requires.

43.     As a proximate result of Defendants' conduct, plaintiff has suffered and continues to suffer substantial losses in earnings, and other employment and retirement benefits and have suffered and continue to suffer embarrassment, humiliation and mental anguish all to his damage in an amount according to proof.

44.     Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring plaintiff, from an improper and evil motive amounting to despicable conduct, and in conscious disregard of plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from defendants in an amount according to proof.

45.     WHEREFORE, Plaintiff prays for relief as set forth below.

WHEREFORE, Plaintiff David Ramirez prays that Judgment be entered in his favor and

against Defendant XPO , as follows, for:

A.    For such general, special, compensatory and liquidated damages as may be appropriate, including all damages alleged above in an amount of no less than $1,250,000.00;

B.    For pre-judgment interest.

C.    For costs of suit and attorneys' fees.

D.    For punitive damages as permitted under California law.

E.    For such other relief as the Court deems just and proper.

Dated: May 8, 2020                **LAW OFFICES OF SERGIO A. GUTIERREZ**

By: _____

Sergio A. Gutierrez

Attorneys for Plaintiff

David Ramirez

First Amended Complaint for Damages

11 of 11

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Sergio Gutierrez, 184850<br>Law Firm<br>3920 Prospect, Suite F<br>Yorba Linda, CA 92886<br>**TELEPHONE NO.:** 714-575-1111<br>ATTORNEY FOR *(Name):* Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

Superior Court of California, Los Angeles County

111 N. Hill Street

Los Angeles, CA 90012-3117

| PLAINTIFF/PETITIONER: David Ramirez | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: XPO Freight Logistics, Inc., et al. | 20STCV13253 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Ramirez v. XPO |

## BY FAX

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:

   Amended Complaint, Summons,

3. a. Party served:  XPO Freight Logistics, Inc.

   b. Person Served: Tricia Rosano - REGISTERED AGENT SOLUTIONS, INC. - Person Authorized to Accept Service of Process

4. Address where the party was served:  1220 S. Street , Suite 150
   Sacramento, CA 95811
5. I served the party

   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on  (date): 05/15/2020          (2) at   (time): 3:26PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   XPO Freight Logistics, Inc.
   under: CCP 416.10 (corporation)

7. **Person who served papers**
   a. Name:  Brandon Lee Ortiz
   b. Address:  One Legal - P-000618-Sonoma
   1400 North McDowell Blvd, Ste 300
   Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 80.00
   e I am:
   (3)  registered California process server.
   (i)  Employee or independent contractor.
   (ii)  Registration No.: 2012-37
   (iii) County:  Sacramento

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date:  05/21/2020



Brandon Lee Ortiz
_____
(NAME OF PERSON WHO SERVED PAPERS)                                    (SIGNATURE)

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

OL# 14707313

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>04/16/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ F. Rojas _____ Deputy |
| PLAINTIFF/PETITIONER:<br>David Ramirez | |
| DEFENDANT/RESPONDENT:<br>XPO Freight Logistics, Inc. et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>20STCV13253 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Plaintiff's Peremptory Challenge to Judicial Officer (170.6) ...) of 04/16/2020  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Sergio A. Gutierrez
Law Office of Sergio A Gutierrez
18032 Lemon Drive
#C122
Yorba Linda, CA  92886

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 04/16/2020          By:   F. Rojas _____
                                        Deputy Clerk

**CERTIFICATE OF MAILING**

Electronically FILED by Superior Court of California, County of Los Angeles on 04/03/2020 01:31 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton, Deputy Clerk

Case 2:20-cv-05333-SVW-KS  Document 1-1  Filed 06/15/20  Page 25 of 37  Page ID #:37

| SHORT TITLE: Ramirez v. XPO Freight Logistics et. al | CASE NUMBER 20STCV13253 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES    CLASS ACTION? ☐ YES  LIMITED CASE? ☐YES  TIME ESTIMATED FOR TRIAL 5    ☐ HOURS/ ☑ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

| SHORT TITLE: Ramirez v. XPO Freight Logistics et. al | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Ramirez v. XPO Freight Logistics et. al | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 8. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Ramirez v. XPO Freight Logistics et. al | |

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>□1. ☑2. ☑3. □4. □5. □6. □7. □8. □9. □10. | ADDRESS:<br>111 N Hill St, Los Angeles, CA 90012 |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>9001` |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: 04/03/2020

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5.  Payment in full of the filing fee, unless fees have been waived.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

Electronically FILED by Superior Court of California, County of Los Angeles on 04/03/2020 01:31 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton, Deputy Clerk

Case 2:20-cv-05333-SVW-KS Document 1-1 Filed 06/15/20 Page 30 of 37 Page ID #:34

**CM-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* <br> Sergio A. Gutierrez, Esq. (State Bar No. 184850) <br> Law Offices of Sergio A. Gutierrez <br> 18032 Lemon Drive, C122, Yorba Linda, CA 92886 <br><br> TELEPHONE NO.: 714-575-1111    FAX NO.: 714-575-1121 <br> ATTORNEY FOR *(Name):* Plaintiff David Ramirez | **To keep other people from seeing what you entered on your form, please press the Clear This Form button at the end of the form when finished.** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 N Hill St,
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District - Stanley Mosk Courthouse

CASE NAME:
Ramirez v. XPO Freight Logistic et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| ☑ **Unlimited**   ☐ **Limited** <br> (Amount    (Amount <br> demanded    demanded is <br> exceeds $25,000)   $25,000 or less) | ☐ **Counter**   ☐ **Joinder** <br><br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | 20STCV13253 <br><br> JUDGE: <br><br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* 5
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 3, 2020

Sergio A. Gutierrez, Esq.    ▶
_____     _____
(TYPE OR PRINT NAME)       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> *www.courtinfo.ca.gov* |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

For your protection and privacy, please press the Clear This Form button after you have printed the form.

| Save This Form | Print This Form | Clear This Form |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 20

**20STCV13253**                                                                 April 16, 2020
**DAVID RAMIREZ vs XPO FREIGHT LOGISTICS, INC., et al.**              10:21 AM

Judge: Honorable David J. Cowan              CSR: None
Judicial Assistant: F. Rojas                 ERM: None
Courtroom Assistant: None                    Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances


**NATURE OF PROCEEDINGS:** Plaintiff's Peremptory Challenge to Judicial Officer (170.6) against Judge Richard Fruin reviewed by Judge David J. Cowan;

The Court reviews the Peremptory Challenge filed by David Ramirez (Plaintiff) on 04/13/2020 pursuant to Code of Civil Procedure section 170.6 and finds that it was timely filed, in proper format, and is accepted.

Good cause appearing and on order of the Court, the above matter is reassigned to Judge Malcolm Mackey in Department 55 at the Stanley Mosk Courthouse for all further proceedings.

If any appearing party has not yet exercised a peremptory challenge under Code of Civil Procedure section 170.6, peremptory challenges by them to the newly assigned judge must be timely filed within the 15 day period specified in Code of Civil Procedure section 170.6, with extensions of time pursuant to Code of Civil Procedure section 1013 if service is by mail. Previously non-appearing parties, if any, have a 15-day statutory period from first appearance to file a peremptory challenge (Government Code section 68616(1)).

All future hearings in this department are advanced to this date and taken off calendar.

Moving Party is to give notice to all interested parties.

Certificate of Mailing is attached.

---

Minute Order                                                          Page 1 of 1

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br>04/03/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Clifton _____ Deputy |
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>20STCV13253 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Richard L. Fruin | 15 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on _04/06/2020_____
     (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By _R. Clifton_____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

LACIV 190 (Rev 6/18)
LASC Approved 05/06

<u>INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES</u>

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**<u>APPLICATION</u>**
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

**<u>PRIORITY OVER OTHER RULES</u>**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**<u>CHALLENGE TO ASSIGNED JUDGE</u>**
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**<u>TIME STANDARDS</u>**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**<u>COMPLAINTS</u>**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**<u>CROSS-COMPLAINTS</u>**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**<u>STATUS CONFERENCE</u>**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**<u>FINAL STATUS CONFERENCE</u>**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**<u>SANCTIONS</u>**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

**<u>Class Actions</u>**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

**<u>*Provisionally Complex Cases</u>**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
David Ramirez

DEFENDANT:
XPO Freight Logistics, Inc. et al

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

05/08/2020

Sherri R. Carter, Executive Officer / Clerk of Court

By: ___M. Kinney___ Deputy

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
20STCV13253

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 10/14/2020 | Time: 8:30 AM | Dept.: 55 |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT  FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated:  05/08/2020

___Malcolm Mackey / Judge___
Judicial Officer

---

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in  Los Angeles , California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Sergio A. Gutierrez
18032 Lemon Drive
#C122
Yorba Linda, CA 92886

Sherri R. Carter, Executive Officer / Clerk of Court

Dated:  05/08/2020

By  M. Kinney
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter V@^^

<table>
<tr><td colspan="2">

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

</td><td>

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

05/08/2020

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ M. Kinney _____ Deputy

</td></tr>
</table>

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF/PETITIONER:
David Ramirez

DEFENDANT/RESPONDENT:
XPO Freight Logistics, Inc. et al

**CERTIFICATE OF MAILING**

CASE NUMBER:
20STCV13253

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Sergio A. Gutierrez
Law Office of Sergio A Gutierrez
18032 Lemon Drive
#C122
Yorba Linda, CA  92886

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: <u>05/8/2020</u>            By: <u>M. Kinney</u>
                                      Deputy Clerk

**CERTIFICATE OF MAILING**

paid 4|3|20

RECEIVED

APR 13 2020

FILING WINDOW

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY. | STATE BAR NUMBER: | For Court Use Only / File Stamp |
|---|---|---|
| Sergio A. Gutierrez, Esq., 18032 Lemon Drive, #C122 Yorba Linda, California 92886 | 184850 | |

ATTORNEY FOR (Name): David Ramirez

FILED
Superior Court of California
County of Los Angeles

APR 13 2020

Sherri R. Carter, Executive Officer/Clerk

By _____ Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
111 N. Hill Street

PLAINTIFF/PETITIONER:
David Ramirez

DEFENDANT/RESPONDENT:
XPO Freight Logistics, Inc. et. al

**PEREMPTORY CHALLENGE TO JUDICIAL OFFICER**
(Code Civ. Proc., § 170.6)

CASE NUMBER:
20STCV13253

| Name of Judicial Officer: (PRINT) | Dept. Number: |
|---|---|
| Richard L. Fruin | 15 |
| ☑ Judge    ☐ Commissioner    ☐ Referee | |

I am a party (or attorney for a party) to this action or special proceeding. The judicial officer named above, before whom the trial of, or a hearing in, this case is pending, or to whom it has been assigned, is prejudiced against the party (or his or her attorney) or the interest of the party (or his or her attorney), so that declarant cannot, or believes that he or she cannot, have a fair and impartial trial or hearing before the judicial officer.

*GRANTED. Syed is advise of self trivn* [signature]

## DECLARATION

**I declare under penalty of perjury, under the laws of the State of California, that the information entered on this form is true and correct.**

Filed on behalf of: David Ramirez
                    Name of Party

☑ Plaintiff/Petitioner    ☐ Cross Complainant
☐ Defendant/Respondent    ☐ Cross Defendant
☐ Other:

Dated: April 8, 2020

[signature]
Signature of Declarant

Sergio A. Gutierrez
Printed Name

| LACIV 015 (Rev. 12-14) LASC Approved 04-04 For Optional Use | **PEREMPTORY CHALLENGE TO JUDICIAL OFFICER** (Code Civ. Proc., § 170.6) | Code Civ. Proc., § 170.6 |
|---|---|---|