UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05333-SVW-KS | Date | 8/20/2020 |
|---|---|---|---|
| Title | *David Ramirez v. XPO Freight Logistics, Inc.* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**     ORDER SUA SPONTE REMANDING CASE TO STATE COURT

### I.     Introduction

Defendants removed this case from California state court on June 15, 2020. Dkt. 1. Plaintiff has not moved to remand. After reviewing Plaintiff's complaint and Defendant's notice of removal, the Court concludes that it lacks subject matter jurisdiction. For the reasons articulated below, this Court acts sua sponte to remand the case to state court.

### II.     Factual and Procedural Background

Plaintiff David Ramirez, who resides in California, filed this case in California state court on April 3, 2020. Dkt. 1-1, at 1. Plaintiff then filed a First Amended Complaint ("FAC") on May 11, 2020. Dkt. 1-1, at 12. Plaintiff's FAC asserts state-law causes of action against his former employer, XPO Freight Logistics, Inc. ("XPO"), for wrongful termination, age discrimination, retaliation, and failure to provide and/or allow inspection of personnel file and payroll records. *Id.* XPO is incorporated in Delaware and its principal place of business is in Connecticut. Dkt. 5, at 2.

Plaintiff also asserts a cause of action for defamation both against XPO and against his former supervisor at XPO, Wendy Mairena. Dkt. 1-1, at 20-21. Plaintiff alleges that Mairena "would tell vendors, customers, and colleagues that Mr. Ramirez was incompetent, inefficient and not able to perform his job duties and in his profession, unable to do his job, was causing losses to XPO and he was

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05333-SVW-KS | Date | 8/20/2020 |
|---|---|---|---|
| Title | *David Ramirez v. XPO Freight Logistics, Inc.* | | |

insubordinate to his supervisors." *Id.* at 20. Mairena resides in California. Dkt. 5, at 1-2.

On June 15, 2020, Defendants removed the case to this Court. Dkt. 1. Plaintiff has not filed a motion to remand the case to state court.

### III.   Legal Standard

Federal courts are courts of limited jurisdiction and have subject matter jurisdiction only where authorized by the Constitution and Congress. See *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (internal citation omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Under 28 U.S.C. § 1332(a), diversity jurisdiction requires that the amount in controversy exceed $75,000 and that complete diversity of citizenship exists among the parties.

To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A corporation is a citizen of "every State and foreign state by which it has been incorporated and the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 791 (9th Cir. 2018) (internal citations and quotation marks omitted) ("Whereas a district court must remand if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, it may remand for defects other than lack of subject matter jurisdiction only upon a timely

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05333-SVW-KS | Date | 8/20/2020 |
|---|---|---|---|
| Title | *David Ramirez v. XPO Freight Logistics, Inc.* | | |

motion to remand."); *see also Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("[T]he district court must remand if it lacks jurisdiction.").

**IV.  Analysis**

On the face of the complaint, the parties are not completely diverse. Plaintiff is domiciled in and thus a citizen of California. Dkt. 1-1, at 13. Defendant Mairena, however, is also domiciled in and thus a citizen of California. Dkt. 5, at 2.

Defendants' Notice of Removal argues that complete diversity exists because Mairena was fraudulently joined. Dkt. 1, at 5-7. Defendants argue that Plaintiff cannot allege facts supporting a viable defamation claim against Mairena. *Id.* at 7.

Under the sham defendant doctrine, a defendant's citizenship should be disregarded for purposes of diversity jurisdiction when the defendant "cannot be liable on any theory." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (internal citation omitted). "If there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* (internal citation omitted) (italics in original). The defendant bears a "heavy burden" to overcome the "general presumption against [finding] fraudulent joinder." *Id.* (quoting *Gaus*, 980 F.2d at 566).

Under California law, "[t]o establish defamation, a plaintiff must show a publication that was false, defamatory, unprivileged, and that has a natural tendency to injure or cause special damages." *Medical Marijuana, Inc. v. ProjectCBD.com*, 46 Cal. App. 5th 869, 884 (2020) (omitting internal citation). "[T]o support a defamation claim, the alleged statement must be one that is reasonably interpreted as stating *actual facts* that are *provably false*." *Yelp Inc. v. Superior Court*, 17 Cal. App. 5th 1, 16 (2017). "The dispositive question … is whether a reasonable trier of fact could conclude that the published statements imply a provably false factual assertion." *Id.* (quoting *Seelig v. Infinity Broad. Corp.*, 97 Cal. App. 4th 798 (2002)).

Defendants have not met their heavy burden to show that there is no possibility that a state court

: 

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05333-SVW-KS | Date | 8/20/2020 |
|---|---|---|---|
| Title | *David Ramirez v. XPO Freight Logistics, Inc.* | | |

would find that the complaint states a cause of action for defamation against Mairena. Plaintiff alleges that Mairena "would tell vendors, customers, and colleagues that Mr. Ramirez was incompetent, inefficient and not able to perform his job duties and in his profession, unable to do his job, was causing losses to XPO and that he was insubordinate to his supervisors." Dkt. 1-1, at 20.

Defendants argue that this allegation fails to state a claim because it lacks specificity as to the content and timing of the allegedly defamatory statements. While this may have been a basis for dismissal under Rule 12(b)(6), "the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." *Grancare*, 889 F.3d at 549. Even where a complaint would not survive a Rule 12(b)(6) motion, a "district court must consider … whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id.* at 550. Here, the Court concludes that any lack of specificity in Plaintiff's complaint could be cured by alleging more detail about the content and timing of Mairena's allegedly defamatory statements.

Defendants next argue that Mairena's allegedly defamatory statements are protected opinion that cannot give rise to defamation liability. Dkt. 1, at 7. The Court considers it plausible, however, that a reasonable person would believe that the statements as pleaded—including characterization of plaintiff as incompetent at his job—imply a provably false factual assertion. *See, e.g.*, *Gallant v. City of Carson*, 128 Cal. App. 4th 705, 709 (2005) ("The alleged statements—that [plaintiff employee] is incompetent— are defamatory … [s]ince the statement implies that plaintiff is generally disqualified for [her] profession."); *Gill v. Hughes*, 227 Cal. App. 3d 1299, 1309 (1991) ("The statement that plaintiff 'is an incompetent surgeon and needs more training' implies a knowledge of facts which lead to this conclusion and further is susceptible of being proved true or false."). Even if the pleading as it now stands only alleges protected opinion, however, Plaintiff could conceivably cure the defect with additional detail about the allegedly defamatory statements. *See Grancare*, 889 F.3d at 550.

Defendants provide an affidavit from Mairena denying that she discussed Plaintiff's employment with vendors or customers. Dkt. 5. However, a defendant's denial of allegations is insufficient to demonstrate fraudulent joinder. *See Grancare*, 889 F.3d at 551 ("[A] denial, even a sworn denial, of allegations does not prove their falsity, and … does not insulate [a purported sham defendant] from liability.").

: 

Initials of Preparer PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05333-SVW-KS | Date | 8/20/2020 |
|---|---|---|---|
| Title | *David Ramirez v. XPO Freight Logistics, Inc.* | | |

Defendants have failed to meet their heavy burden to show that plaintiff could not possibly state a cause of action for defamation against Mairena. Defendants are therefore not entitled to disregard Mairena's citizenship for purposes of diversity jurisdiction and the Court must remand the case to state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Condo. Owners Ass'n, Inc.*, 346 F.3d at 1192 ("[T]he district court must remand if it lacks jurisdiction.").

**V.        Conclusion**

The Court sua sponte remands the case to state court for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Initials of Preparer     PMC